**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HM Hotel Properties, an Arizona Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Peerless Indemnity Insurance Company; and Does 1 - 50, inclusive,<br><br>　　　　　Defendants. | No. CV12-0548 PHX-DGC<br><br>**ORDER** |

Defendant Peerless Indemnity Insurance Company ("Peerless"), formerly known as Colorado Casualty Insurance Company, moves to dismiss claims three through seven of Plaintiff HM Hotel Properties' complaint for failure to state claims pursuant to Rule 12(b)(6). Doc. 8. Plaintiff has responded, Defendant has replied, and the parties have not requested oral argument. Docs. 13, 14. For the reasons stated below, the Court will grant the motion.

**I.    Background.**

This action was originally commenced in the Superior Court for Maricopa County. Doc. 3. Defendant removed the case to this Court. Doc. 3. The complaint alleges the following facts, which are assumed true for purposes of the motion.

Plaintiff entered into an insurance contract with Defendant. Doc. 1 ¶ 7. Plaintiff paid Defendant an annual premium in exchange for coverage of its properties against damage caused by storms, including hail and wind. Doc. 1 ¶ 8. At all relevant times, the Plaintiff's insurance policy was in effect. Doc. 1 ¶ 12. In selling and collecting

premiums under the policy, Defendant represented to the Plaintiff that it would provide full and comprehensive coverage for storm damage in accordance with the policy terms. Doc. 1 ¶ 10.

On or about October 5, 2010, high winds and hail severely damaged Plaintiff's property, including damage to roofs, siding, and other components. Doc. 1 ¶¶ 14-15. On or about May 11, 2011, Plaintiff filed a claim for this storm-related damage. Doc. 1 ¶ 16. On or about May 17, 2011, an engineering company, retained by Defendant to inspect the property, reported only minimal wind and hail damage, leading to Defendant's offer to settle the claim for $0. Doc. 1 ¶ 17. On or about November 14, 2011, after Plaintiff retained counsel, Defendant used Absolute Adjusting to perform another inspection. Doc. 1 ¶ 18. Based on that damage report, Defendant sent a check to Plaintiff's counsel for $39,587.41, after depreciation. Doc. 1 ¶ 19.

Plaintiff alleges seven counts: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) fraud; (6) negligent misrepresentation; and (7) declaratory relief.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The court may not assume that Plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

**III. Analysis.**

    **A.   Counts 3 & 4 – Intentional & Negligent Infliction of Emotional Distress.**

        **1.   Corporate Entity's Capacity for Emotional Distress.**

A plaintiff alleging intentional infliction of emotional distress in Arizona must demonstrate three elements: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to cause emotional distress or "recklessly disregarded the near certainty" that his conduct would produce such distress; and (3) the defendant's conduct actually caused severe emotional distress. *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004); *Ford v. Revlon*, 153 Ariz. 38, 734 P.2d 580, 585 (1987). Negligent infliction of emotional distress requires an additional showing of physical injury or "substantial, long-term emotional disturbances." *See Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162 (Ariz. 1989); *Monaco v. HealthPartners of S. Arizona*, 196

Ariz. 299, 303, 995 P.2d 735 (Ariz. Ct. App. 1999).

Plaintiff – a limited liability company – alleges it suffered extreme emotional distress and mental suffering resulting from Defendant's breach of a material term in the insurance policy to provide Plaintiff coverage for hail and wind damage. Doc 1 ¶¶ 37-39. Defendant contends that, as a limited liability company, Plaintiff is incapable of emotion and therefore also incapable of suffering. Doc. 8 at 5. The issue of whether corporations or limited liability companies can recover damages for intentional infliction emotion distress ("IIED") is one of first impression in Arizona.

When confronted with an issue of first impression, Arizona courts look to decisions from other jurisdictions that have considered the issue. *See*, *e.g.*, *Midas Muffler Shop v. Ellison*, 650 P.2d 496, 499 (Ariz. Ct. App. 1982) (stating that because tort of IIED in debtor-creditor situation was issue of first impression in Arizona, "an examination of decisions from other jurisdictions which have considered the precise question . . . is instructive"); *Pankratz v. Willis*, 744 P.2d 1182, 1189 (Ariz. Ct. App. 1987) (relying on cases from other jurisdictions "that have squarely faced the issue" and concluding that unilateral separation of child from parent can be extreme and outrageous conduct); *Edwards v. American Home Assurance Co.*, 361 F.2d 622, 625-26 (9th Cir. 1966) (stating that because there appeared to be no Arizona case precisely on issue, "cases from other jurisdictions which have considered related problems may provide some guidelines, as they would to an Arizona court considering for the first time the problem here presented"); *Cretens v. State Farm Fire & Cas. Co.*, 60 F. Supp.2d 982, 987 (D. Ariz. 1999) (finding that New Jersey law on issue in question was persuasive authority and citing *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980) for proposition that, in absence of controlling state law, federal court may look to well-reasoned decisions from other jurisdictions).

Multiple federal courts, each applying state law, have found that a corporate plaintiff cannot suffer emotional distress because "a corporation lacks the cognizant ability to experience emotions." *FDIC v. Hulsley*, 22 F.3d 1472, 1489 (10th Cir. 1994)

(applying Oklahoma law); *see*, *e.g.*, *Nicor Intern. Corp. v. El Paso Corp.*, 292 F.Supp.2d 1357, 1378 (S.D. Fla. 2003) ("corporation is incapable of suffering any emotional distress"); *Earth Scientists (Petro Services) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1474 (D. Kan. 1985) (holding corporations could not recover for the tort of outrage based on inability to suffer emotionally); *Wilson v. Colonial Penn Life Ins. Co.*, 454 F. Supp. 1208, 1213 n.9 (D. Minn. 1978) (applying Minnesota law to bad faith and IIED claims) ("Certainly, the plaintiff National City Bank of Minneapolis is incapable of suffering emotional distress.").

Plaintiff cites no authority to contradict Defendant's position or support its own. Absent Arizona precedent extending emotional distress damages to corporate entities, the Court declines to do so and adopts the general rule, recognized by the above cited cases.

Plaintiff suggests that a distinction should be made between limited liability companies and corporations. Doc. 13 at 4. The courts which have addressed this issue, however, have not distinguished between the two types of entities. *Interphase Garment Solutions*, *LLC v. Fox Television Stations*, *INC.*, 566 F. Supp.2d 460, 466 (D. Md. 2008) (LLC cannot claim IIED) (citing *Husley*, 22 F.3d at 1489); *Barreca v. Nickolas*, 683 N.W.2d 111, 124 (Iowa 2004) ("as a limited liability company, certainly cannot suffer emotional distress; such would stretch the bounds of the legal fiction of corporate personhood too far").

The Court concludes that Plaintiff has failed to state a claim for intentional or negligent infliction of emotional distress because, as a corporate entity, it cannot experience emotional distress.

**2.    Request to Amend Complaint.**

Plaintiff requests leave to amend its complaint to join individual members of the limited liability company as additional plaintiffs in the event the Court finds that a limited liability company cannot seek damages for emotional distress. Doc. 14 at 4-5. Defendant correctly asserts that Plaintiff's request does not comply with LRCiv 15.1 because it fails to attach a copy of the proposed amended pleading. The request for leave

to amend is denied.

### C. Counts 5 & 6 – Fraud & Negligent Misrepresentation.

Defendant contends that the fraud and negligent misrepresentation claims are not pled with sufficient particularity. Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted). A complaint of fraud must specify "the who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

#### 1. Fraud.

Plaintiff's fraud claim fails for lack of particularity. While Plaintiff alleges generally that "Defendant made numerous misrepresentations to Plaintiff, both orally and in writing," Plaintiff's complaint does not provide the dates, speaker, or content of the misrepresentations. Doc. 1 ¶ 45. Plaintiff correctly states the law as it regards the availability of a fraud claim when a promise is made with no intent to perform, Doc. 1 at 6 (citing *Caldwell v. Tilford*, 90 Ariz. 202, 205, 367 P.2d 239, 241 (1961)), but the complaint lacks specific facts to support that allegation.

#### 2. Negligent Misrepresentation.

The Rule 9(b) standard also applies to negligent misrepresentation. *Gould v. Marshall & Isley Bank*, No. CV11–1299–PHX–DGC. 2012 WL 827115, at *5 n.2 (D. Ariz. March 12, 2012) (citing *Sweeney v. Darricarrere*, No. 2:09–cv–00266 JWS, 2009 WL 2132696, at * 12 n. 109 (D. Ariz. July 14, 2009) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.") (quoting *Neilson v. Union Bank of Cal.*, *N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003) (internal quotations omitted)).

Plaintiff's negligent misrepresentation allegation likewise fails to meet the particularity standard of Rule 9(b). The complaint states only legal conclusions regarding

"false representations as to past and present material facts." Doc. 1 ¶ 50-54. The "who, what, when, where, and how" of the misrepresentations are not provided. *Vess*, 317 F.3d at 1106.

### D. Count 7 – Declaratory Relief.

The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); see also *Green v. Mansour*, 474 U.S. 64, 72 (1985); *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993). "[W]hen deciding whether to hear claims under the Declaratory Judgment Act, district courts should 'avoid needless determination of state law issues' and 'should avoid duplicative litigation.'" *Madrid v. Concho Elementary School Dist. No. 6 of Apache* County, 439 Fed. App'x 566, 567 (9th Cir. 2011) (quoting *Am. Cas. Co. of Reading*, *Pa. v.* Krieger, 181 F.3d 113, 1118 (9th Cir. 1999). Further, when the claim is merely a derivative of the included contract claim, the district court may read the declaratory relief claim as part of the breach of contract claim. *Id.*

Here, as in *Madrid*, the declaratory judgment claim is nothing more than a duplication of the breach of contract claim contained in count one of the Complaint. Doc. 1 ¶ 1-31. The claim is therefore dismissed as duplicative.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 8) is **granted** as stated above.

Dated this 18th day of June, 2012.

_____
David G. Campbell
United States District Judge