**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HM Hotel Properties, | No. CV-12-00548-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Peerless Indemnity Insurance Company, | |
| Defendant. | |

Defendant Peerless Indemnity Insurance Company has filed a motion for attorneys' fees in relation to its successful motion to dismiss (Doc. 8) and its successful motion for summary judgment (Doc. 56). Doc. 72. The motion is fully briefed. For the reasons that follow, the Court will grant the motion.[1]

**I.    Background.**

Plaintiff filed a complaint on February 9, 2012, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, negligent misrepresentation, and declaratory relief. Doc. 1-1. The Court dismissed five of the seven claims on June 18, 2012. Doc. 15. The Court granted summary judgment on the remaining claims on August 23, 2013. Doc. 68. Defendant now asks the Court to award attorneys' fees in the amount of $129,413.31, in connection with this action, and has filed a memorandum and

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

documentation in support of its motion. Doc. 72.

**II.	Legal Standard.**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The trial court has discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). To determine whether an award is appropriate, courts consider:

1. the merits of the unsuccessful party's claim;
2. whether the litigation could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the ultimate result;
3. whether assessing fees against the unsuccessful party would cause extreme hardship;
4. whether the successful party prevailed with respect to all relief sought;
5. whether the legal question presented was novel or had been previously adjudicated; and
6. whether a fee award would discourage other parties with tenable claims from litigating.

*Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997); *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc); *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999). No single factor is to be considered determinative, and the Court must weigh all of the factors in exercising its discretion. *See Wilcox*, 744 P.2d at 450.

**III.	Analysis.**

**A.	Appropriateness of awarding fees.**

The parties do not dispute that this action arose out of contract. Doc. 73 at 2. The Court will individually consider each of the six factors outlined above.

### 1. Whether Plaintiff's claim was meritorious.

The Court dismissed five of Plaintiff's seven claims, finding that Plaintiff had failed to state a claim. Doc. 15. The Court granted summary judgment on the remaining two claims. Doc. 68. Plaintiff's briefing on this matter appears to be nothing more than a rearguing of its positions. The Court has already concluded that these positions lacked merit. Without more, the Court cannot find that Plaintiff's claims were meritorious. This factor favors Defendant.

### 2. Whether the litigation could have been avoided.

Defendant notes that it did not file this litigation and simply acted to defend itself. Doc. 72 at 6. Plaintiff argues that "Defendant made litigation inevitable by failing to properly and accurately adjust Plaintiff's claim." Doc. 73 at 5. Plaintiff again reiterates evidence it presented in its opposition to summary judgment and argues that "Defendant, in bad faith, failed to honor its contractual obligations." *Id.* at 6. The Court did not find that Defendant acted in bad faith or failed to honor its contractual obligations. Plaintiff has not shown that Defendant could have avoided this litigation. This factor favors Defendant.

### 3. Whether assessing fees would cause extreme hardship.

Plaintiff contends that the fees claimed by Defendant are "extreme and unreasonable." *Id.* Plaintiff argues that it "provided evidence of over $400,000 worth of storm damage repair," and to add the requested fees "to that amount would create a strong hardship on Plaintiff." *Id.* at 7. The Court has already concluded, however, that Plaintiff presented no admissible evidence of damages. *See* Doc. 68 at 6. "[T]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship." *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990). Plaintiff has failed to meet this burden. This factor favors Defendant.

### 4. Whether Defendant prevailed with respect to all relief sought.

Plaintiff argues that success on a motion for summary judgment "does not equate to being the successful party," but cites no authority for this proposition. Plaintiff is

- 3 -

incorrect. Defendant clearly prevailed with respect to all the relief sought. This factor favors Defendant.

### 5. Whether the legal question presented was novel.

Plaintiff concedes that the questions of breach of contract and breach of the duty of good faith and fair dealing are not novel questions of law, but then attempts to argue that because this case "surrounds a contract of adhesion," it is more novel than other breach of contract cases. Doc. 73 at 8. The Court does not agree. This factor favors Defendant.

### 6. Whether a fee award would discourage other litigants.

Plaintiff argues that awarding fees to Defendant "will demonstrate to thousands of other Arizonians that their properties damaged by the hail and wind storm on October 5, 2010 . . . that not only will they have to pay to repair the damage themselves, but litigation could cost them $129,413.31." *Id.* at 9. Defendant counters that Plaintiff has failed to explain how its non-meritorious action would discourage "parties with meritorious claims from bringing suit," and notes that many Arizona courts have awarded fees to insurers. Doc. 74 at 5. The Court agrees with Defendant. Plaintiff has not demonstrated how an award of fees would discourage individuals from litigating meritorious claims. This factor also favors Defendant.

In sum, the Court finds that all six factors favor Defendant and concludes that an award of fees is appropriate in this case.

### B. Reasonableness of the requested fees.

Plaintiff presents few arguments on the issue of reasonableness. Plaintiff alleges that the amount of the requested fees is "exuberant," that the rates at which paralegal time was billed is "overvalued," and that Defendant is requesting to be paid for a video deposition that was "unneeded." Doc. 73 at 7. Plaintiff also contends that Defendant's request for fees is "extreme and unreasonable" because the case "involved almost no motion practice and counsel participated in limited communications," and because Defendant allegedly did not produce any records and only took seven depositions. *Id.*

Local Rule 54.2(f) states that a memorandum in opposition to a motion for an award of attorney's fees "shall identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item." Plaintiff has specifically identified only one disputed expense – the purportedly unnecessary video deposition. Plaintiff, however, does not explain why the video deposition was not necessary.

Defendant discusses the factors outlined in *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983), including (1) the qualities of the advocate; (2) the character of the work, including its difficulty and importance; (3) the work actually performed, including the skill, time and attention given to the work; and (4) the result. Defendant contends that the hours expended in litigating this case "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interests," and were incurred "in the most economical manner it could." Doc. 72 at 7. Defendant further contends that the billing rates charged by its attorneys were below their customary billing rates and are similar to rates charged by other Phoenix law firms. *Id.* at 8. Defendant notes that its attorneys have a combined twenty five years of experience litigating in the area of insurance coverage and bad faith, and notes that both paralegals "regularly assist with commercial litigation matters." *Id.* at 8-9.

The Court finds the hourly rates charged by Defendant's legal team to be reasonable for the Phoenix market and for attorneys of the skill and experience needed for a case such as this. The Court also finds the time records provided by defense counsel to be sufficiently detailed, and the hours incurred in defending this case to be reasonable. Having considered the record as a whole and the relevant fee award factors, *see Warner*, 694 P.2d at 1184, the Court finds the requested fee award to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award).

**IT IS ORDERED:**

1. That Defendant's motion for attorneys' fees (Doc. 72) is **granted**.

2. Defendant is awarded attorneys' fees in the amount of **$129,413.31** pursuant to A.R.S. § 12-341.01(A).

Dated this 30th day of December, 2013.

_____
David G. Campbell
United States District Judge